# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TARISHA SHARNEE JACKSON,

    Plaintiff,

v.

GEICO CHOICE INSURANCE COMPANY, *et al.*,

    Defendants.

Case No.: 2:25-cv-00537-CDS-NJK

**Order**

[Docket No. 35]

Pending before the Court is the parties' stipulation to extend case management deadlines by 45 days. Docket No. 35.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).[1]

A request to extend case management deadlines must provide a "statement specifying the discovery completed." Local Rule 26-3. To allow the Court to make a proper determination of whether the parties have been diligent throughout the discovery period, this statement must include the dates on which all discovery occurred. Such information is absent here. *See* Docket No. 35 at 2. Therefore, the Court cannot determine whether the parties have been diligent.

Accordingly, the stipulation is **DENIED** without prejudice. Docket No. 35.

IT IS SO ORDERED.

Dated: July 10, 2025

Nancy J. Koppe
United States Magistrate Judge

---

[1] That a request is jointly submitted "neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief. Failure to provide such showings may result in denial of a stipulated request to extend the case management deadlines." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1178 (D. Nev. 2022).

1